MURDOCK, justice
(concurring in the result).
The third of various categories of immune conduct described in Ex parte Cranman, 792 So.2d 392, 405 (Ala.2000), is discharging duties in accordance with a rule or regulation that prescribes the manner for performing those duties. Unfortunately, decisions of this Court have seized upon the converse of this circumstance as an exception to immunity that not only prevents the actor from qualifying for protection under this third category, but de *1130 prives the actor of protection under any category of Cranman immunity. See, e.g., Ex parte Lawley, 38 So.3d 41, 49-60 (Ala.2009) (Murdock, J., concurring specially).
Viewed from a different angle, the “beyond-authority” exception was not intended to apply whenever, or merely because, there is a departure from one of the rules or regulations described in the third Cran-man category. Thus, I do not believe that this exception is correctly explained by. the following statement from Giambrone v. Douglas, 874 So.2d 1046, 1052 (Ala.2003), quoted and applied by the main opinion in this case: “ ‘ “A State agent acts beyond authority and is therefore not immune when he or she %il[s] to discharge duties pursuant to detailed rules or regulations, such as .those stated on a checklist.’ ” ’ ” 201 So.3d at 1128 (quoting Ex parte Estate of Reynolds, 946 So.2d 450, 452 (Ala.2006), quoting in turn Giambrone v. Douglas, 874 So.2d at 1052). See Ex parte Monroe Cty. Bd. of Educ., 48 So.3d 621, 630 (Ala.2010) (Murdock, J., concurring in part and dissenting in part); N.C. v. Caldwell, 77 So.3d 561, 570 (Ala.2011) (Murdock, J., dissenting); and Ex parte Lawley, 38 So.3d 41, 49-50 (Ala.2009) (Murdock, J,, concurring specially).
“Obviously, in one sense, no State employee is ‘authorized’ to violate any applicable regulation, federal or state, or to disregard appropriate instructions from a supervisor. Must we not be circumspect, however, in concluding that merely because an employee fails to follow a requirement of a regulation or all the instructions given to him or her in a memorandum from a supervisor, the employee, insofar as a third party is concerned, has acted • beyond his or her authority as an official or employee of the agency or department involved? If that is the sense in which we are to address the matter, then would we not be obliged to say that an employee told by his or her supervisor always to refrain from any tortious conduct vis-á-vis third parties will be acting beyond the employee’s authority whenever he or she does otherwise? Indeed, a directive from a supervisor to this effect would not even be necessary because, in this sense, an employee never has the authority to act tortiously toward others.
“... I fear that the manner in which this Court has begun to apply the ‘beyond authority’ exception to State-agent immunity does not allow for the drawing on a principled basis of a line that prevents this exception (which increasingly is the subject of our State-agent-immunity cases) from becoming an exception that swallows the rule.
“... The Restatement [ (Second) of Torts § 895D (1979) ] ... provides the following insight as to what is meant when we speak of an employee acting beyond his or her authority:
“‘An immunity protects an officer only to the extent that he is acting in the general scope of his official authority. When he goes entirely beyond it and does an act that is not permitted at all by that duty, he is not acting in his capacity as a public officer or employee and he has no more immunity than a private citizen. It is as if a police officer of one state makes an arrest in another state where he has no authority.’
“Restatement (Second) of Torts § 895D cmt. g (emphasis added). In other words, the concept of a State employee acting beyond his or her authority corresponds with the concept of an employee acting outside the line and scope of his or her employment. It has never been a •concept intended to address every situation in which a State employee, while acting within the.general line and scope of his or her employment, nonetheless violates some federal or state regulation, instructions from his or her supervisor, or, taken to its logical conclusion, Ala *1131 bama law prohibiting negligent conduct.”
Ex parte Watson, 37 So.3d 752, 766-67 (Ala.2009) (Murdock, J., concurring in part and dissenting in part) (footnote omitted). See also Ex parte Coleman, 145 So.3d 751, 761-62 (Ala.2013) (Murdock, J., concurring in the result) (quoting at length from Holloman v. Harland, 370 F.3d 1252 (11th Cir.2004), to explain the “untenable tautology” created by the manner in which this Court has understood the “beyond-authority” exception to immunity); L.N. v. Monroe Cty. Bd. of Educ., 141 So.3d 466, 466-69 (Ala.2013) (Murdock, J., concurring specially).
That said, I concur in the result reached by the main opinion because the conduct of the education defendants, i.e., the teacher and the administrators, falls within the fifth Cranman category, exercising judgment in the educating of students, and there is not substantial evidence that they acted “willfully, maliciously, fraudulently, in bad faith, [or] beyond [their] authority” as required in order to trigger application of the second of the two exceptions to Cranman immunity. See Cranman, 792 So.2d at 405.